UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-27-RLV
(5:03-cr-37-RLV-DCK-6)

| | |
|---|---|
| GEORGE MICHAEL DIXON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, Petitioner's motion to vacate will be denied, and the Section 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

Petitioner George Michael Dixon was indicted on August 26, 2003, and charged with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846. (Criminal Case No., Doc. No. 3: Sealed Indictment). On the same day, the Government filed a notice pursuant to 21 U.S.C. § 851, notifying the Court and Petitioner that it intended to rely on Petitioner's prior drug trafficking conviction for purposes of sentencing. (Id., Doc. No. 10: Information Pursuant to 21 U.S.C. 851). Specifically, Petitioner was convicted on November 17, 1994, for two counts of sale and delivery of cocaine, in the Superior Court of Caldwell County, North Carolina.

On August 30, 2005, Petitioner pled guilty to the conspiracy charge, without benefit of a plea agreement. (Id., Doc. No. 344: Plea Hearing). Petitioner's Guidelines range of

1

imprisonment, based on a total offense level of 33 and a criminal history category of IV, was between 188 and 235 months. Petitioner was further subject to a mandatory life sentence based on his prior history and the § 851 Information filed by the Government. The Government, however, withdrew the § 851 notice before sentencing. (Id., Doc. No. 372: Notice of Withdrawal of 21 U.S.C. § 851 Notice). On April 17, 2006, this Court sentenced Petitioner to 188 months' imprisonment, the low end of the Guidelines range. (Id., Doc. No. 378: Judgment). Petitioner did not appeal. On December 12, 2008, this Court reduced Petitioner's sentence to 151 months of imprisonment based on the crack cocaine amendments. (Id., Doc. No. 464: Order Granting Motion to Reduce Sentence).

Petitioner placed the motion to vacate in the prison mail system on February 21, 2012, and it was stamp-filed in this Court on February 24, 2012. In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In support of the claim for relief under Simmons, Petitioner notes that his criminal history category of IV was based on prior convictions for which he did not receive a sentence of more than one year.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A.      Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, Petitioner was sentenced on April 17, 2006, and judgment was entered on May 23, 2006. Plaintiff did not file the instant motion until about six years later. Thus, the Section 2255 petition is untimely under Section 2255(f)(1), and neither of the other subsections applies to render the petition timely. In any event, even if the petition were timely, Petitioner is not entitled to Simmons relief. Petitioner contends that he is entitled to Simmons relief because his prior convictions, for which he did not receive a sentence of more than one year, increased his criminal history category level. See (Doc. No. 1 at 15). The rule in Simmons, however, has no application to Petitioner's criminal history category under the Sentencing Guidelines. Moreover, as noted, the Government withdrew its § 851 notice before sentencing; thus, Petitioner's sentence was not enhanced based on a prior drug conviction.

IV.     CONCLUSION

3

In sum, for the reasons stated herein, Petitioner's Section 2255 motion is untimely, and the petition will therefore be dismissed.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[1] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his memorandum in support of the petition, Petitioner addressed the statute of limitations issue, contending albeit unsuccessfully that his petition is timely under Sections 2255(f)(2) and (f)(4) because the petition was filed within one year of Simmons. Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.

Signed: December 2, 2013

Richard L. Voorhees
United States District Judge